IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OLYMPIC MORTGAGE BANKERS CORP.,

Appellant,                                        Civil No. 06-1534 (DRD)

JOHN A. ZERBE,

Appellee.

## OPINION AND ORDER

Pending before the Court is a *Motion In Compliance With Order To Show Cause And Request The Appeal Not Be Dismissed* filed by appellant, Olympic Mortgage Bankers Corp. (Docket No. 4). For the reasons set forth below, appellant's motion is **DENIED**.

## Jurisdiction

This Court has jurisdiction to entertain bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(1).

## Issue

The question before the Court is whether appellant may be allowed to proceed with the instant appeal, notwithstanding that the notice of appeal was filed late, pursuant to Rules 8001, 8006 and 9006(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

## Factual and Procedural Background

The record of the bankruptcy court shows that, on May 5, 2006, the Hon. Michael J. Deasy entered a *Memorandum Opinion* in Adversary Proceeding No. 04-300 (AP Docket No. 36)[1] and *Order* entering Judgment (AP Docket No. 37). According to the bankruptcy court record, first class mail notification was provided on May 7, 2007 by the Bankruptcy Noticing Center of both the *Memorandum Opinion* and *Order* entering Judgment (AP Docket entries No. 38 and 39). Appellant claims that electronic notice was not

---

[1]   "AP Docket No." refers to the docket entry number of Adversary Proceeding Number 04-300, as opposed to "Docket No." which refers to the entries in the instant case.

1

available to the appellant (counsel not duly registered) by the Clerk of the Bankruptcy Court, on May 5 nor May 7, 2006, and that notice was received through regular mail, on May 15, 2006. The bankruptcy court record shows that *Notice Of Appeal* was filed on May 23, 2006 (AP Docket No. 44).

On May 31, 2006, *Appellant's Brief* was filed in this Court (Docket No. 1). The *Notice Of Appeal* from the bankruptcy court was filed on June 13, 2006 (Docket No. 2). An *Order To Show Cause* was entered by this Court, on June 16, 2006 (Docket No. 3), granting the appellant until June 23, 2006 to show cause why this case should not be dismissed. The appellant timely replied (Docket No. 4), and informed the Court that the bankruptcy court's electronic notice of the *Memorandum Opinion* and *Order* entered on May 5, 2006 were never received by the appellant, simply because counsel's electronic address was not registered with the Clerk of the Bankruptcy Court at the time (Docket No. 4). Based on this premise, our analysis follows.

## Applicable Law and Discussion

Whether or not the notice of appeal was timely filed is a jurisdictional matter, as provided by Fed.R.Bankr.P. 8002 and applicable case law. Rule 8002(a) provides that:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the clerk of the bankruptcy appellate panel, the clerk of the district court or the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

Appellant may file a late notice of appeal provided that a timely motion for extension of time for appeal is filed, pursuant to Fed.R.Bankr.P. 8002(c). An extension of time may be granted by the bankruptcy court, but only if the requirements of Fed.R.Bankr.P. 8002(c)(1) and (2) are met. Rule 8002(c)(2) provides in its relevant part that:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

It is well settled that "[c]ompliance with this requirement [Rule 8002(a) and (c)] is both mandatory and jurisdictional." *Abdallah v. Donahue*, 778 F.2d 75, 77 (1st Cir. 1985), *cert. denied* 476 U.S. 1116 (1986). (Citation omitted). "Untimely notice of appeal deprived the district court of jurisdiction to review the bankruptcy court's order." *Id.* (Citation omitted). "While this may have had no practical effect over the district court's review of the order, this court's jurisdiction can only be based on a proper exercise of jurisdiction by the court below." *Id.* In *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2nd Cir. 2005), the Court held that:

> We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate "excusable neglect."

The Court is not persuaded by appellant's arguments, which are unsupported and devoid of any legal grounds. It is uncontested by appellant's own admission, that notice from the Clerk of the Bankruptcy Court was received by first class mail on May 15, 2006, that is, within the ten (10) day period to appeal, as provided by Fed.R.Bankr.P. 8002(c). It is also uncontested by appellant, that the bar date to file the notice of appeal was ten (10) days from the entry of judgment or order, that is, May 19, 2006. Notwithstanding, the appellant chose not to comply with the mandatory and jurisdictional provisions of Rule 8002(c)(1).[2] The record of the bankruptcy court is clear that (a) appellant's *Notice Of Appeal* was filed late, on May 23, 2006; and (b)

---

[2] The Court reminds counsel of his duty to monitor the case docket, particularly in a case in which counsel may wish to protest the order to be entered by the court. *Mennen Company v. Gillette Company*, 719 F.2d 568, 570 (2d Cir. 1983); *O.P.M. Leasing Services, Inc. v. Far West Federal Savings and Loan Association*, 769 F.2d 911 (2d Cir. 1985).

3

appellant failed to request an extension of time during the ten (10) day period, pursuant to Fed.R.Bankr.P. 8002(c). Moreover, the record shows that, as of this date, the appellant never requested an extension of time to appeal. Hence, this Court lacks jurisdiction to entertain in the instant appeal, as an untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. *Abdallah v. Donahue*, 778 F.2d at 77.

## Conclusion

In view of the foregoing, appellant's *Motion In Compliance With Order To Show Cause And Request The Appeal Not Be Dismissed* (Docket No. 4), is hereby denied, and the appeal is dismissed with prejudice for lack of jurisdiction. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of February, 2007.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

Certified to be a true & exact copy of the document, or, an authorized clerk's docket entry on file
FRANCES RIO S DE MORAN, CLERK
U.S. District Court for the District of Puerto Rico
By: _____ Deputy Clerk
Date: _____

CM/ECF LIVE U.S. District Court for the District of Puerto Rico - Display Receipt    Desc: Main    Page 1 of 2
Case:04-06300-SEK    Doc#:58 for the District of Puerto Rico    Entered:05/23/07 11:21:19    Desc: Main
Document    Page 5 of 5

```
MIME-Version:1.0
From:prd_docketing@prd.uscourts.gov
To:prd_docketing@prd.uscourts.gov
Bcc:PRD_DRD@prd.uscourts.gov,josephdeliz@aol.com,velacolone@
Message-Id:<1098171@prd.uscourts.gov>
Subject:Activity in Case 3:06-cv-01534-DRD Olympic Mortgage
```

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## United States District Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from jam, entered on 2/28/2007 at 7:46 PM AST and filed on 2/28/2007

**Case Name:** Olympic Mortgage Bankers Corp. v. Zerbe
**Case Number:** 3:06-cv-1534
**Filer:**
**Document Number:** 6

**Docket Text:**
JUDGMENT. See the Judgment for further details. IT IS SO ORDERED, ADJUDGED AND DECREED. THIS CASE IS NOW CLOSED FOR ALL ADMINISTRATIVE AND STATISTICAL PURPOSES. Signed by Judge Daniel R. Dominguez on 2/28/2007. (jam)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051795991 [Date=2/28/2007]
[FileNumber=1098169-0